## SUPERIOR COURT
#### OF THE

RICHARD F. STOKES
*JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5264

September 11, 2017

James St. Louis
SBI# 00446518
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

RE: *State of Delaware v. James St. Louis*, Def. ID# 0009015005 (R-8)

DATE SUBMITTED: August 29, 2017

Dear Mr. St. Louis:

This is my decision on the document James St. Louis ("defendant") filed on August 29, 2017 (hereinafter, "August 29, 2017 document").[1] I deem this August 29, 2017 document to be defendant's eighth motion for postconviction relief filed pursuant to Superior Court Criminal Rule 61 ("Rule 61").

On May 31, 2017, defendant filed a document which was captioned, "A Formal request from this Authority to Compel testimony to insure contempt prior to trial did not cause a disregard for justice to be served." Hereinafter, this document shall be referenced as "the Request". By order dated June 20, 2017, this Court summarily dismissed the Request because it

---

[1] The August 29, 2017 document is Docket Entry 201.

1

was repetitive, frivolous and an undue impingement on the Court's resources. The Court also directed defendant's attention to the Delaware Supreme Court's May 9, 2017, decision on the appeal of defendants' seventh motion for postconviction relief.[2] Therein, the Supreme Court ruled as follows:

> We conclude that St. Louis' untimely, repetitive, and frivolous filings constitute an abuse of the judicial process. In the future, the Clerk of the Court is directed to refuse any filings from St. Louis **relating** to his 2001 convictions and sentences unless the filing is accompanied by the required filing fee or a completed motion to proceed *in forma paperis* with a sworn affidavit containing the certifications required by 10 *Del. C.* § 8803(e) and that motion is granted by the Court. [Footnote omitted.]
>    *** St. Louis is ENJOINED under 10 *Del. C.* § 8803 and this Order from filing a future notice of appeal or extraordinary writ **concerning** his 2001 convictions and sentences without first obtaining the Court's permission. [Emphasis added.][3]

On August 29, 2017, defendant refiled the Request. He incorporated the Request in the August 29, 2017 document wherein he contends the Request is not "concerning a conviction or sentencing." Instead, he argues, it challenges "the constitutionality of the procedures leading up to his trial" and it challenges trial counsel's effectiveness "for failure to request an evidentiary hearing for improprieties of the state procedures that happened outside of the courtroom and ... [indecipherable] for an exclusionary ruling on testimony if/when it was determined illegally obtained."[4] In the August 29, 2017 document, defendant attempts to explain why the Court should consider this repetitive and barred complaint that the prosecutor used a third party to

---

[2]*St. Louis v. State*, 162 A.3d 101, 2017 WL 19277707 (Del. May 9, 2017) (TABLE).

[3]*St. Louis v. State, supra* at **1-2 . This ruling applies to any postconviction motions, motions for new trials, or any other pleading defendant might file which undertakes an attempt to attack or address the pre-trial, trial, convictions and/or sentences in this case.

[4]August 29, 2017 document at 2.

2

influence the complaining witness's trial testimony. He demands the holding of an evidentiary hearing on this matter.

How defendant labels his challenges and requests or the format in which he presents these challenges, requests, and/or petitions is irrelevant; instead, the substance of the claims controls.[5] Defendant's claims constitute grounds for postconviction relief. Thus, defendant has filed his eighth motion for postconviction relief and consequently, Rule 61 governs the consideration of this pending matter.

As defendant is well aware, the motion is procedurally barred. At this point in time, a postconviction motion may be considered only if defendant pleads with particularity that new evidence exists that creates a strong inference that he is actually innocent in fact of the acts underlying the charges of which he was convicted or he pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to his case and renders the convictions invalid. Defendant has not attempted to meet this standard and thus, the Court dismisses the motion summarily pursuant to Rule 61(d)(2). Because the motion is summarily dismissed, defendant is not entitled to a hearing in this matter.

Defendant repeatedly has filed meritless motions regarding his conviction in this Court as well as in the United States District Court for the District of Delaware.[6] His repeatedly meritless

---

[5] *Biggins v. Department of Corrections of the State of Delaware*, 2004 WL 1965920, * 2 (Del. Super. Aug. 9, 2004), *aff'd*, 872 A.2d 959 (Del. April 22, 2005) (TABLE).

[6] I set forth the Superior Court decisions chronologically: *State v. St. Louis*, 2004 WL 2153645 (Del. Super. Sept. 22, 2004), *aff'd*, 869 A.2d 328 (Del. March 1, 2005) (TABLE); *St. Louis v. State,* 2008 WL 601630 (Del. Super. March 6, 2008), *aff'd*, 963 A.2d 139 (Del. Dec. 18, 2008) (TABLE); *State v. St. Louis*, Def. ID# 0009015005, Stokes, J. (Jan. 19, 2010), *aff'd*, 996

3

filings impose a burden on this Court's resources. From this point forward, any document which is filed in this matter and which attempts to attack or address effectiveness of counsel, the pre-trial proceedings, the trial proceedings, and/or the convictions in this case must comply with the requirements of Rule 61(d)(2)(i) or (ii). If such a document does not comply with Rule 61(d)(2)(i) or (ii), the document shall be rejected and returned to defendant without docketing, consideration and/or a ruling.

IT IS SO ORDERED.

Very truly yours,

Richard F. Stokes

cc: Prothonotary's Office
    Melanie C. Withers, Esquire
    Public Defender's Office

---

A.2d 794 (Del. May 18, 2010) (TABLE); *State v. St. Louis*, 2010 WL 2802415 (Del. Super. July 8, 2010), *aff'd*, 5 A.3d 631 (Del. Oct. 4, 2010) (TABLE); *State v. St. Louis*, 2010 WL 5313231 (Del. Super. Dec. 10, 2010), *aff'd*, 19 A.3d 302 (Del. May 9, 2011), *reh. den.* (May 25, 2011) (TABLE); *State v. St. Louis*, Def. ID# 0009015005, Stokes, J. (Oct. 25, 2011), *aff'd*, 36 A.3d 350 (Del. Jan. 17, 2012) (TABLE); *State v. St. Louis*, Def. ID# 0009015005, Stokes, J. (Sept. 16, 2014), *aff'd*, 105 A.3d 990 (Del. Nov. 24, 2014), *reh. den.* (Dec. 9, 2014) (TABLE); *State v. St. Louis*, 2016 WL 5864584 (Del. Super. Oct. 5, 2016), *aff'd*, 162 A.3d 101 (Del. May 9, 2017) (TABLE). The history of his litigation in the United States District Court in and for the District of Delaware is outlined in *St. Louis v. Pierce*, 2016 WL 626222 (D.Del. Feb. 16, 2016).

4